**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**In re ORDER 1166—PROPOSED SALE OF the BARCLAY HOTEL.**

**No. 70-347.**

United States District Court,
E. D. Pennsylvania.

March 27, 1973.

Blank, Rome, Klaus & Comisky by Marvin Comisky, and Goncer Krestal, Philadelphia, Pa., for Trustees, PCTC.

Sullivan & Worcester by Morris Raker, and Charles W. Morse, Jr., Boston, Mass., and Gratz, Tate, Spiegel, Evin & Ruthrauff by Wilbur Bourne Ruthrauff, Philadelphia, Pa., for Richard Joyce Smith, trustee, New York, New Haven & Hartford RR Co.

Davis, Polk & Wardwell by Douglas Galin, New York City, for Morgan Guaranty Trust Co., as indenture trustee.

White & Case, New York City, for Bankers Trust Co., as indenture trustee.

Morris Wirth, New York City, and Leon Forman, Philadelphia, Pa., for Harry Helmsley.

Fox, Rothschild, O'Brien & Frankel by Nochem S. Winnet, Philadelphia, Pa., for First Natl. City Bank of N. Y.

David Berger, P. A. by Leonard Barrack, Philadelphia, Pa., for Penn Central Co.

Olwine, Connelly, Chase, O'Donnell & Weyher by Leonard J. Connolly, New York City, for Western International Hotels Co.

## MEMORANDUM AND ORDER NO. 1166

FULLAM, District Judge.

The Trustees have petitioned (Document No. 4351) for approval of a proposed sale of the Barclay Hotel to Western International Hotels Company for $21,800,000, net of brokerage commissions. At the hearing on this petition, there was conflicting evidence as to the fair market value of the property. The Trustees' appraisers, Jackson-Cross Company, appraised the property at $22 million. James Felt & Company, retained by the New Haven trustee, appraised the property as being worth from $25.5 to $26 million. At the hearing, a conditional bid for the property was submitted on behalf of interests represented by Helmsley-Spear, Inc., for $23 million. (A few days after the hearing, the condition of this bid was fulfilled, and it now represents a binding commitment to purchase the property, on substantially identical terms as in the Western Hotels proposal, for $23 million.)

I recognize that the Helmsley-Spear bid was woefully late, and that, as between the Helmsley-Spear interests and the Western Hotels interests, the equities clearly favor the latter.

But in order to justify approval of the transaction proposed by the Trustees, it must appear that the proposed sale price is adequate, and that the proposed sale would be in the best interests of the Debtor's estate. The significant difference in the two appraisals, evaluated in the light of the subsequent higher offer, makes it difficult to conclude that the preponderance of the evidence supports the Trustees' proposal. And the substantial negative impact which the proposed sale would have upon cash flow (approximately $1.2 to $1.5 million annually) does not seem, on the present record, to be adequately counterbalanced, at least for the short term, by considerations of risk avoidance and increased liquidity.

For these reasons, I am unable to approve the proposed sale, and the petition will be denied without prejudice.